

UNITED STATES DISTRICT COURT
FOR THE <u>Eastern</u> DISTRICT OF OKLAHOMA

FILED
JUN 12 2017
PATRICK KEANEY
Clerk, U.S. District Court
_____ Deputy Clerk

<u>Jerard Davis</u>,
Petitioner,

v.

<u>Gloria, Raymond,
Officer Hope, Officer Crowe,
Officer Quiroz</u>,
Respondent(s)

Case No. CIV 17-217-RAW

**CIVIL RIGHTS COMPLAINT**
Pursuant to 42 U.S.C. § 1983

## A. PARTIES

1. <u>Jerard Davis</u> is a citizen of <u>Oklahoma</u>
   *(Petitioner)*                                *(State)*
   who presently resides at <u>Davis Correctional Facility</u>
                              *(place of confinement)*

2. Respondent, <u>Gloria, Raymond</u> is a citizen of _____
   *(name of first Respondent)*                          *(City)*
   <u>Oklahoma</u>, and is employed as <u>Shift Supervisor</u>.
   *(state)*                              *(position and title, if any)*

   At the time the claim(s) alleged in this complaint arose, was this respondent acting under color of state law? Yes ☑ No ☐

   If your answer is "Yes", briefly explain: <u>Assault with unknown liquid on staff</u>

3. Respondent, <u>Officer Crowe</u> is a citizen of _____
   *(name of second Respondent)*                    *(City)*
   <u>Oklahoma</u>, and is employed as <u>Correctional Officer</u>.
   *(state)*                              *(position and title, if any)*

   At the time the claim(s) alleged in this complaint arose, was this respondent acting under color of state law? Yes ☑ No ☐

   If your answer is "Yes", briefly explain: <u>Assault with unknown liquid on staff</u>

4. Respondent, __Officer Hope__ is a citizen of _____
   _(name of third Respondent)_                _(City)_
   __Oklahoma__, and is employed as __Correctional Officer__.
   _(state)_                            _(position and title, if any)_

   At the time the claim(s) alleged in this complaint arose, was this respondent acting under color of state law? Yes ☑ No ☐

   If your answer is "Yes", briefly explain: __Assault on staff with unknown liquid__

5. Are there additional respondents? Yes ☑ No ☐

*If your answer is "Yes" you may attach one additional (8 ½" x 11") to provide the above information for additional respondents.*

**B.    JURISDICTION**

1. Jurisdiction is asserted pursuant to: (Check one)

   ☑ 42 U.S.C. § 1983 and 28 U.S.C. § 1343(a)(3) (applies when respondents allegedly acted under color of state law)

   ☐ *Bivens v. Six Unknown Names Agents for Fed. Bureau of Narcotics*, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 (applies when respondents allegedly acted under color of federal law)

**C.    NATURE OF CASE**

   Briefly state the background of your case: __See attached__

## D. CAUSE OF ACTION

I allege that my following constitutional rights, privileges, or immunities have been violated, and the following facts form the basis for my allegations: *If necessary you may attach up to two additional pages (8 ½" x 11") to explain an allegation or to list additional counts or supporting facts.*

1a. **Count I:** Violation of 8th Amd excessive force Cruel and Unusual punishment

1b. Supporting Facts: (*Include all facts you consider important, including names of persons involved, places, and dates. Describe exactly how each respondent is involved. State the facts clearly in your own words without citing legal authority or argument.*)

See attached

2a. **Count II:** _____

2b. Supporting Facts: _____

3a. **Count III:** _____
_____
_____

3b. Supporting Facts: _____
_____
_____
_____
_____
_____
_____

E. **PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF**

1. Have you begun other lawsuits in state or federal court dealing with the same facts involved in this action or otherwise relating to the conditions of your imprisonment? Yes ☐ No ☒

   If your answer is "Yes", describe each lawsuit. *If there is more than one lawsuit, describe each additional lawsuit using the same format on a blank sheet of paper labeled "E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF."*

   a. Parties to previous lawsuit:
      Petitioners: _____
      Respondents: _____
      _____

   b. Name and location of court and docket number: _____
      _____

   c. Approximate date of filing lawsuit: _____

   d. Issues raised: _____
      _____

   e. Disposition: (i.e. Was the case dismissed? Was it appealed? Is it still pending?): _____
      _____

   f. Approximate date of disposition: _____

2. Have you previously sought informal or formal relief from the appropriate administrative officials regarding the acts complained of in Part D? Yes ☐ No ☒
   If your answer is "Yes", briefly explain how relief was sought and the result. If your answer is "No", briefly explain why administrative relief was not sought.:
   _____See attached_____

3. Have you exhausted available administrative remedies? Yes ☐ No ☑
If your answer is "Yes", briefly explain the steps taken and attach proof of exhaustion. If your answer is "No", briefly explain why administrative remedies were not exhausted: See Attached

F. **PREVIOUSLY DISMISSED ACTIONS OR APPEALS**

1. If you are proceeding *in forma Pauperis* under 28 U.S.C. § 1915, describe each civil action or appeal you have brought is a court of the United States while incarcerated or detained in any facility that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted. *If there is more than one civil action or appeal, describe the additional actions or appeals using the same format on a 8 ½" x 11" paper labeled* "F. PREVIOUS DISMISSED ACTIONS OR APPEALS"

   a. Parties to previous lawsuit:
   Petitioners: _____
   Respondents: _____

   b. Name and location of court and docket number: _____

   c. Approximate date of filing lawsuit: _____

   d. Issues raised: _____

   e. Grounds for dismissal: ☐ frivolous ☐ malicious ☐ failure to state a claim upon which relief may be granted.

2. Are you in imminent danger of serious physical injury? Yes ☑ No ☐
If your answer is "Yes", describe the facts in detail without citing legal authority or argument: See attached

G. **REQUEST FOR RELIEF**

I believe I am entitled to the following relief: $150,000 for pain and suffering with physical abuse and mental abuse.

*Original Signature of Petitioner*

## DECLARATION UNDER PENALTY OF PERJURY

The undersigned declares (or certifies, verifies, or states) under penalty of perjury that he is the Petitioner in the above action, he has read the above complaint, and the information contained therein is true and correct. 28 U.S.C. § 1746, 18 U.S.C. § 1621.

Executed at CCA Davis FO #119 on 5.19.17
             Location                      Date

*Original signature of Petitioner*

Section (A) "Parties"

5. Respondent, <u>Officer Quiroz</u> is a citizen of <u>Oklahoma</u>, and is employed as <u>Correctional Officer</u>.

At the time the claim(s) alleged in this complaint arose, was this respondent acting under color of state law?  Yes ☑  No ☐

If your answer is "Yes", briefly explain: <u>assault with unknown liquid on staff</u>

Section (C) "~~Nature of Case~~"

On Thursday, December 29, 2016 at approximately 1240 hrs. inside Fox Bravo Unit cell #212. An excessive use of force was applied with 7 cans of Oleoresin Capsicum spray. And a (5) men extraction team with assistance from Shift Supervisor Gloria repeatedly punched, kicked, and choked me (Davis). The extraction team consisted of Officers Hope, Crowe, Quiroz and two others I didn't recognize. This type of excessive use of force while on the ground would cause any human to squirm. Due to the physical handling ones first instinct is to protect theirself. What they call resisting is truely an act to protect onesself from further injury. This constitutes an 8th Amnd violation of excessive force cruel and unusual punishment ▸ "Rodriguez v. Berbury W.D.N.Y. 1998, 992 F.Supp. 592." In a medical report by RN Rhonda Shively states, "Inmate Davis recieved two lacerations to his right eye, one laceration to his left eye, and abrasions and active bleeding to his nose." Which isn't consistent with Gloria's statement who states, "... I then delivered approximately 9 knee strikes to inmate Davis' torso to gain compliance." There was no need for shift supervisor Gloria to assist a (5) men extraction team. That's one officer for each of my limbs and one for wherever assistance is needed. "The extraction team placed inmate Davis on the ground.", stated Gloria. Five on one is clearly an under control situation. So Gloria's excessive use of force was not needed and unnecessary.

Section (C) "Nature of Case" only Continued...

After I was restrained, viewed by medical, and decontaminated I was placed on property restriction on Fox Charlie Unit cell #101. And was on restriction until Tuesday, January 3, 2017. During this time, although, battered and bruised I attempted to file a grievance on this incident and was denied the forms.

▸ Mitchell v. Horn, C.A.3 2003, 318 F.3d 523.

I was also denied medical treatment for my injuries as well as my swollen feet due to the denial of "all" forms.

Section (D) "Cause of Action"

1 (b) I was being restrained and while on the ground Shift Supervisor Gloria kneed and punched me repeatedly in the face. The extraction team was holding me down and applying restraints. The officers I recognized on the extraction team is Hope, Crowe, Quiroz. The other two I didn't recognize I know for sure that Officer Shelton wasn't one of them. He was with Shift Supervisor Gloria spraying OC spray into my cell vent and cell door. They sprayed a total of 7 cans into my cell which left me with a shortness of breath. Once the cell was breached I was outside the cell on the top tier in the open. In view of two cameras and a few inmates where it all took place. It was two guards applying leg restraints and 3 guards applying wrist restraints. Shift Supervisor Gloria was assisting for no reason he's suppose to be supervising. But, he took it upon hisself to brutally beat me for his own pleasure. This all took place on Thursday, December 29, 2016 around 1240 hrs. On Fox Bravo Unit cell #212

Fox Bravo Unit Layout
Top Tier View
It's a camera right above Cell #215 and one at the front of the unit and they both show a clear view to my cell

Front Door to Rotunda

Tables

Cages

Stairs

Side Door to Fox Charlie

Storage | cell #216 | Cell #215

Officer desk
Office
Closet
Cell #201
Cell #202
Cell #203
Cell #204
Cell #205
Cell #206
Cell #207
Cell #208
Cell #209
Cell #210
Cell #211
Cell #212
Cell #213
Cell #214

✱ Incident took place

⦿ Camera

# INCIDENT STATEMENT

| Facility | Davis Correctional Facility | Incident Number | 2016-1001-522-II |
|---|---|---|---|
| Incident Date | 12/29/2016 | Incident Time (HRS) | 1240 |

| Person Name | ID Number (Employee #/Inmate #/Civilian ID) | Person Type (Employee/Inmate/Civilian) | Person Role (Witness or Participant) |
|---|---|---|---|
| Gloria, Raymond | 23498198 | Employee | Participant |

| Housing Location (For Inmates/Residents Only) | NA |
|---|---|

**Based on your own knowledge, what did you see, hear, and do?**

On Thursday, December 29, 2016, at approximately 1240 hours I, Shift Supervisor Raymond Gloria, responded to a spontaneous use of force, on Fox Bravo. When I arrived, I was informed that Inmate Davis, Jerard, #688165, had assaulted Case Manager West and Correctional Officer Thomas, by throwing an unknown liquid substance, on them. I ordered Inmate Davis to submit to hand restraints, in order to place him on property restrictions, which he refused. I then assembled a 5-man extraction team in order to remove Inmate Davis from the cell. I ordered Inmate Davis to once again submit to hand restraints, which he refused; I then deployed Oleoresin Capsicum into the cell in order to gain compliance from Inmate Davis. After a brief moment, the Oleoresin Capsicum was deemed ineffective due to Inmate Davis having his face and food port blocked. I then breached the door to allow the extraction to enter the cell and utilize physical force to gain compliance from Inmate Davis. After the extraction team placed Inmate Davis on the ground, I then assisted in securing Inmate Davis' right arm, due the extraction team needing assistance. I then delivered approximately 9 knee strikes to Inmate Davis' upper torso to gain compliance. Once restrained the extraction team then escorted Inmate Davis to the Fox Bravo Day Room where he was evaluated by medical. Upon completion of the medical evaluation, the extraction team then escorted Inmate Davis to the Fox Bravo Showers for decontamination. Upon completion of the decontamination, Inmate Davis was placed in Fox Charlie Cell #101 on property restrictions with no further incident.

**Did you receive any injuries? YES or NO (If YES, Explain Below)** — NO circled

**Were you evaluated by medical? YES or NO** — YES circled

| Printed Name: | Raymond Gloria | Date: | 12/29/2016 |
|---|---|---|---|
| Signature: | *(signed)* | | |
| Typed By: | Raymond Gloria | Date: | 12/29/2016 |

This section to be completed by CCA staff if the civilian/other or inmate/resident refused to complete the 5-1C.

Place an "X" in the appropriate box:

| | Inmate/Resident refused to complete this 5-1C |
|---|---|
| | Civilian/Other refused to complete this 5-1C |

| Employee/Witness Printed Name | | Date: | |
|---|---|---|---|
| Employee/Witness Signature | | | |

| Employee/Witness Printed Name | | Date: | |
|---|---|---|---|
| Employee/Witness Signature | | | |

Proprietary Information – Not For Distribution – Copyrighted - Property of CCA

# INCIDENT REPORT

| Facility: | Davis Correctional | Incident Number: | 2016-1001-522-II |

| Incident Date/Time (HRS): | 12/29/2016 12:40 hours |

| Facility Damage: | None |

| Incident Location: | Facility Property \ Section: F \ Block: FB \ FB Med \ Cell: 212 |

## INCIDENT PRIORITY LIST:

| Priority | Priority Description |
|---|---|
| II | Assault WITHOUT Weapon Resulting in Immediate Outside Medical Treatment-Inmate on Employee |
| II | Use of Force WITH Chemical/Inflammatory Agents WITH Less Than Significant Injuries |

| Other Priority Description: | |

## DESCRIPTION OF INCIDENT:

Thursday, December 29, 2016 at approximately 1240 hours, Case Manager West was called to Fox Bravo cell #212 housing Inmate Davis, Jarad #688165 (Age: 05/10/1990, Race: Black, STG: "Blood"). Inmate Davis refused to remove his arm from the cell food port. Case manager west gave Inmate Davis loud verbal orders to remove his arm from the food port. Inmate Davis refused the order. After giving Inmate Davis several verbal orders to remove his arm, Inmate Davis threw an unknown liquid substance on Case Manager West and Correctional Officer Thomas making contact with their face and torso. Inmate Davis began to throw the liquid a second time, Officer Thomas deployed a controlled burst of O.C. from his MK 9 #2 (beginning weight: 1 lb. 5.5 oz, ending weight: 12.0 oz) into the cell making contact with Inmate Davis's facial area. The food port was then secured and Case Manager West called, via radio, for a response team.
Correctional Officer Quiroz, Correctional Officer Shelton, Correctional Officer Hope, Correctional Officer Essary, Shift Supervisor Gloria, Correctional Counselor Ferguson and Correctional Officer Allen responded to Fox Bravo in less than one (1) minute. Shift Supervisor Gloria attempted confrontational avoidance with Inmate Davis. Shift Supervisor Gloria gave Inmate Davis a loud verbal directive to submit to restraints. Inmate Davis refused to submit to hand restraints. Shift Supervisor Gloria Gave Inmate Davis a second verbal directive to submit to restraints or O.C. would be deployed into the cell. Inmate Davis continued to refuse all verbal directives.
Correctional Officer Shelton deployed O.C. into the cell through the cell vent utilizing a MK 9 #24 cell buster ( Beginning weight: 1 lb. 0.3 oz, Ending weight: 11.5 oz). The cell buster was deemed ineffective and a five (5) member extraction team was assembled.
The team was then given their assignments and assembled in front Fox Bravo #212. Inmate Davis was ordered to submit to restraints. Inmate Davis refused to submit to restraints. The cell food port was then opened and Shift Supervisor Gloria deployed OC into the cell utilizing Central Control #9 (Beginning Weight: 1 lb. 5.4 oz, Ending Weight 13.1 oz.) in order to gain compliance. Inmate Davis utilized his facility issued mat to block the cell food port. Correctional Officer Quiroz utilized the food port ram to attempt to clear the mat from the cell food port. Officer Shelton then utilized MK 9 #20 cell buster (Beginning Weight: 1 lb. 8.0 oz, Ending Weight: 11.8 oz) through the cell food port in order to gain compliance. Shift Supervisor Gloria ordered Inmate Davis to submit to hand restraints. Inmate Davis continued to refuse verbal orders. Shift Supervisor Gloria deployed another controlled burst of OC into the cell utilizing Fox MK 9 #5 (Beginning Weight: 1 lb. 5.5 oz, Ending Weight: 9.7 oz). The food port was then secured and the extraction team allowed the OC to take effect. Shift Supervisor Gloria ordered Inmate Davis to submit to restraints. Inmate Davis continued to refuse all verbal directives. The cell food port was opened and Officer Quiroz utilized the food port ram to attempt to clear the mat from the cell food port. Shift Supervisor Gloria deployed another controlled burst of OC into the cell utilizing Fox MK 9 #1 (Beginning Weight: 1 lb. 5.5 oz, Ending Weight: 13.7 oz). The cell food port was then secured to allow OC to take effect. The cell door was then breached and Officer Quiroz deployed a controlled burst of OC into the cell utilizing MK Fox #10 (Beginning Weight: 1 lb. 5.5 oz, Ending Weight: 1 lb. 2.7). The cell door was then opened and the extraction team was sent into the cell. Inmate Davis attempted to rush the extraction team and exit the cell. The extraction team then placed Inmate Davis on the ground and attempted to restrain him. Inmate Davis began to resist the extraction team and

would not allow restraints to be placed on him. Shift Supervisor Gloria delivered approximately nine (9) knee strikes to Inmate Davis's side in order to gain compliance. Inmate Davis then became compliant and restraints were applied.

Correctional Officer Crowe and Correctional Officer Quiroz escorted Inmate Davis from Fox Bravo #212 to the Fox Bravo Dayroom for a post Use of Force medical evaluation. RN Rhonda Shively noted that Inmate Davis had the following injuries: two lacerations to his right eye, one laceration to his left eye, and abrasions and active bleeding to his nose. Once the evaluation was complete Inmate Davis was escorted to the Fox Bravo showers for decontamination. Once decontamination was complete Inmate Davis was escorted to Fox Charlie where he was placed on property restriction without further incident.

Warden Yates notified 12/29/2016 at approximately 1240 hours.
DOC Contract Monitor Donna Boone notified at approximately 1340 hours.

SUSPECTS:
Davis, Jarad #688165 (Age: 05/10/1990, Race: Black, STG: "Blood")
VICTIMS:
Case Manager West
Correctional Officer Thomas
ESCORTS:
Correctional Officer Crowe and Correctional Officer Quiroz escorted Inmate Davis from
MEDICAL REPORTS/INJURIES TO STAFF:
Correctional Officer Quiroz received a post Use of Force medical evaluation. Officer Quiroz received no injuries.
Correctional Officer Hope received a post Use of Force medical evaluation. Correctional Officer Hope received no injuries.
Correctional Officer Shelton received a post Use of Force medical evaluation. Correctional Officer Shelton received no injuries.
Correctional Officer Crowe received a post Use of Force medical evaluation. Correctional Officer Crowe received no injuries.
Correctional Officer Essary received a post Use of Force medical evaluation. Correctional Officer Essary received no injuries.
Shift Supervisor Gloria received a post Use of Force medical evaluation. Shift Supervisor Gloria received no injuries.
Correctional Counselor Ferguson received a post Use of Force medical evaluation. Correctional Counselor Ferguson received no injuries.
Correctional Officer Thomas received a medical evaluation. It was determined by DCF medical staff that Officer Thomas would need to go need to go to Holdenville General Hospital for outside medical treatment due being assaulted by an unknown liquid substance.
Case Manager West received a medical evaluation. It was determined by DCF medical staff that Case Manager West would need to go need to go to Holdenville General Hospital for outside medical treatment due being assaulted by an unknown liquid substance.

MEDICAL REPORTS/INJURIES TO INMATES:
Inmate Davis received a post Use of Force medical evaluation. Inmate Davis received two lacerations to his right eye, one laceration to his left eye, and abrasions and active bleeding to his nose.

CRIME SCENE/EVIDENCE:
Escort video of Inmate Davis was recorded by Correctional Officer Allen
Photographs of Inmate Davis were taken by Correctional Officer Allen.
Photographs of Correctional Officer Shelton were taken by Correctional Officer Allen.
Photographs of Case Manager West were taken by Correctional Officer Allen.
Photographs of Correctional Officer Thomas were taken by Correctional Officer Allen.
Photographs of Shift Supervisor Gloria were taken by Correctional Officer Allen.
Photographs of Correctional Officer Quiroz were taken by Correctional Officer Allen.
Photographs of Correctional Officer Crowe were taken by Correctional Officer Allen.
Photographs of Correctional Counselor Ferguson were taken by Correctional Officer Allen.
Photographs of Correctional Officer Hope were taken by Correctional Officer Allen.

Section (E) "Previous Lawsuits and Administrative Relief"

2. I was denied the proper forms in which to file with. "Under the (PLRA) Prison Litigation Reform Act, where prisoner was unable to file a grievance because prison officials refused to provide him with the necessary grievance forms." Mitchell v. Horn, C.A. 3 2003, 318 F. 3d 523

3. I was denied the proper forms in which to file with. In Rodriguez v. Berbury W.D.N.Y. 1998, 992 F. Supp. 592. "Inmate's allegations that prison corrections officers punched, kicked, and forcibly beat him without provocation in violation of his 8th Amnd rights stated assault claim under § 1983 rather than claim challenging conditions of inmate's confinement, and, therefore, inmate was not subject to exhaustion of administrative remedies requirement under the Prison Litigation Reform Act."

Section (F) "Previously Dismissed Actions Or Appeals"

2. Not only have I been injured but I've been threated again and again. By unknown guards at the Facility for no reason, just to make their self feel big. I'm a prisoner and I can't do nothing but defend myself in situations as these. I just want to do my time at a DOC yard where I feel safe. I never had a problem as this one until I came to the facilities of CCA. Where they treat me as if i'm not a humanbeing and not GOD's son.

# CERTIFICATE OF MAILING

I, __Jerard D. Davis__, hereby certify that on the __6__ day of __June__, 20__17__, I mailed a true and correct copy of the foregoing - __Summons in civil action, 42 U.S.C. § 1983__, with postage prepaid thereon to the following:

United States Court Clerk
101 N. 5th Rm #208
P.O. Box #607
Muskogee, OK 74401

_Jerard Davis_