IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

JERARD DAVIS,

        **Plaintiff,**

vs.

                      **Case No. CIV-17-217-RAW-SPS**

**RAYMOND GLORIA, et al.,**

        **Defendants.**

**REPORT OF REVIEW OF FACTUAL BASIS OF CLAIMS
ASSERTED IN CIVIL RIGHTS COMPLAINT
PURSUANT TO 42 U.S.C. SECTION 1983**

      COMES NOW Darrell L. Moore Attorney for Defendants and hereby certifies as follows:

- I have received the attached Court Ordered Special Report;

- I have electronically filed the same with this Court; and,

- I have provided the Plaintiff a copy of such report as shown in my Certificate of Service, attached to the end of this document.

                             Respectfully submitted,
                             Defendants

                             _(signature)_

                             DARRELL L. MOORE, OBA #6332
                             COURT PLACE AT NORTH VANN
                             P.O. BOX 368
                             PRYOR, OK  74362
                             (918) 825-0332
                             (918) 825-7730 fax
                             Attorney for Defendants

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF OKLAHOMA**

JERARD DAVIS,

          **Plaintiff,**

vs.
                                  **Case No. CIV-17-217-RAW-SPS**

RAYMOND GLORIA, et al.,

          **Defendants.**

**REPORT OF REVIEW OF FACTUAL BASIS OF CLAIMS**
**ASSERTED IN CIVIL RIGHTS COMPLAINT**
**PURSUANT TO 42 U.S.C. SECTION 1983**

COME NOW the officials in charge of the Davis Correctional Facility ("DCF") and in accordance with the Order issued by the Court on September 5, 2017 [Doc.# 19] directing the preparation of a *Special Report* do submit herein a written report of review of the subject matter of the Complaint filed by Plaintiff in the above styled action.  A review was made of the above styled case and the following was ascertained and determined:

**INITIAL STATEMENT**

Plaintiff, Jerard Davis, ODOC# 688165 appears pro se.  Plaintiff Davis is an inmate in the custody of the Oklahoma Department of Corrections.  Plaintiff is currently housed at Davis Correctional Facility, Holdenville, Oklahoma pursuant to a contract between CoreCivic, (formerly CCA) and the Oklahoma Department of Corrections.  Defendants Crowe, Quiroz and Gloria are members of the security staff at Davis Correctional Facility.  CoreCivic owns and operates the Davis Correctional Facility.  Defendants were at all times relevant to the Plaintiff's allegations employees of CCA at the Davis Correctional Facility.

## ALLEGATIONS MADE BY PLAINTIFF

**Count**: That Defendants violated the Plaintiff's Eighth Amendment right when he was subjected to a use of excessive force. Plaintiff asserts the incident was cruel and unusual punishment.

Supporting facts:  Plaintiff asserts that on December 29, 2016 excessive force was used against him by the Shift Supervisor and five officers of a response extraction team. Plaintiff asserts he received two lacerations to his right eye and one to his left eye.  Plaintiff asserts when he was finally restrained and decontaminated and treated by medical staff he was then placed on the Fox Charlie housing unit and placed on property restriction until January 3, 2017.  Plaintiff asserts he was denied administrative remedies forms to file a grievance during this time.

## INVESTIGATION

At all times relevant to this lawsuit, Plaintiff was housed by the Oklahoma Department of Corrections at the Davis Correctional Facility in Holdenville, Oklahoma.  For purposes of completing this report, the undersigned spoke with appropriate staff members at Davis Correctional Facility, to include Security Staff members and the facility Grievance Coordinator. The undersigned has collected records from Davis Correctional Facility and from the Oklahoma Department of Corrections.

**The Facility Incident Report - 2016-1001-522-II.**

The Incident Report, attached hereto as Exhibit 1, indicates that on Thursday, December 29, 2016, at approximately 1240 hours, Case Manager Chad West was called to Fox Bravo cell #212, the assigned cell for Davis, Jerard # 688165.  Inmate Davis was holding the food port in his cell door 'hostage', and was refusing to remove his arm from the food port so that the port could be closed.  Case Manager West gave Davis several loud verbal orders to remove his arm from the food port.  Davis refused to comply with all orders.  While staff continued in their

attempts to de-escalate the situation, Davis threw an unknown liquid substance on Case Manager West and Correctional Officer Michael Thomas Jr.  The liquid splashed onto their faces and torsos.  When inmate Davis began to throw the liquid a second time, Officer Thomas deployed a controlled burst of OC spray from his MK 9#2 (9.5oz).  *See* Exhibit 1, Incident Report - 2016-1001-522-II.

The officers were then able to close the food port door.  The officers then called for a response team.  The Shift Supervisor and several security staff responded to the housing unit. The Shift Supervisor attempted to engage inmate Davis in conversation in order to avoid further confrontation.  Inmate Davis was given verbal orders to submit to restraints.  Inmate Davis refused to comply with all orders given to him by the Shift Supervisor.  Security Staff next utilized a "Cell Buster" MK 9#24 which delivered 4.8oz of OC through the cell vent.  This step appeared to be completely ineffective and did not result in Davis' compliance with the Shift Supervisor's orders. *See* Exhibit 1, Incident Report - 2016-1001-522-II.

A cell extraction team was then assembled to join in the effort to gain compliance from Davis.  Inmate Davis was again ordered to submit to restraints and he again refused.  The Shift Supervisor then attempted to administer OC spray into Davis' cell, however inmate Davis had pushed a mattress up against the food port to prevent the spray from entering the cell. A food port ram tool was obtained in order to push the mattress away from the food port enclosure. Then, another attempt was made to deploy OC spray into the cell through the food port. Inmate Davis continued to refuse orders to submit to restraints. Two more attempts were made to get OC spray into the cell and past the mattress inmate Davis was continuing to use to block the food port. Because inmate Davis continued to use the mattress as a block and continued to refuse all orders given to him by the security staff, the cell door was then opened and 2.8 oz of OC spray

was deployed through the open door and the security officer extraction team entered the cell.  As the team entered the cell, Davis rushed forward at the team and used force to resist their attempt to gain his compliance.  Inmate Davis continued to resist efforts of the extraction team to gain his compliance and physical force had to be utilized to gain compliance from Mr. Davis.  *See* Exhibit 1, Incident Report - 2016-1001-522-II.

Once compliance was gained, Mr. Davis was seen by medical staff.  The medical staff note indicates Mr. Davis was belligerent and disruptive and that he refused further medical care and treatment. Inmate Davis sustained two small lacerations above his right eyebrow, one small laceration above his left eyebrow, as well as a bloody nose.  *See* Exhibit 1, Incident Report - 2016-1001-522-II.  Correctional Officer Thomas and Case Manager West received a medical evaluation. It was determined that they would need to go to Holdenville General Hospital for outside medical treatment from the unknown liquid substance having been thrown on them by inmate Davis.  *See* Exhibit 1, Incident Report - 2016-1001-522-II.

Inmate Davis was issued a Class "X" disciplinary misconduct for resisting apprehension X-23 and a Class "X" disciplinary misconduct for Assault X-13.  *See* Exhibit 1, Incident Report - 2016-1001-522-II.

Inmate Davis asserts in his Complaint that he was denied medical treatment related to the incident and for swollen feet.  The Incident Report and medical records show that inmate Davis refused medical treatment following the incident and refused treatment for his complaint of swollen feet. *See* medical records attached hereto as Exhibit 2.

## USE OF ADMINISTRATIVE REMEDIES

An administrative remedies grievance policy is available for inmate use at Davis Correctional Facility.  As set forth above, Davis Correctional Facility is a private prison

contracted with the Oklahoma Department of Corrections for the housing of DOC inmates.  The

Oklahoma DOC administrative remedies grievance policy - OP-090124, is used at Davis

Correctional Facility.  The Oklahoma DOC administrative remedies policy sets out the steps an

inmate must follow in order to exhaust administrative remedies as to any claims. *See* DOC OP-

090124, attached hereto as Exhibit 3.

The Oklahoma DOC administrative remedies policy, Op-090124,  requires an inmate to

initially attempt to resolve any issue through informal resolution. Then, if the inmate remains

not satisfied, he must file a formal grievance.  The final step in the administrative remedies

process directs an inmate to make a final appeal of his concerns to the Oklahoma DOC

Administrative Review Authority at the Oklahoma DOC Headquarters. *See* Exhibit 3, Pages 9-

12.

**Inmate Davis' use of the Grievance process:**

Inmate Davis did not file any grievances related to this matter he has now brought

forward to the Court.

OP-090124 indicates that a Request to Staff must be filed within 7 days of an incident.

*See* Exhibit 3, 090124(IV)(C)(3). In his Complaint, Davis asserts he was on property restriction

between December 29, 2016 and January 3, 2017 and during that time was denied the

appropriate forms.  Even if Davis' assertion was true he would have had two days after coming

off of property restriction during which he could have filed a Request to Staff.  And, according to

Terry Underwood, the Grievance Coordinator at Davis Correctional Facility, all of the

appropriate administrative remedies forms were available on the housing unit during the

December 29-January 3 time period.  Ms. Underwood has reviewed the facility's grievance

records for that time period and has stated she received grievances from other inmates housed on

the Fox Charlie housing unit during December 2016 and January 2017.  And, as noted by Ms. Underwood, the ODC policy provides relief for an inmate who was unable to file a grievance through no fault of their own.  *See* Exhibit 4, Affidavit of Terry Underwood, Grievance Coordinator.

And finally, OP-090124(XII) states that if a grievance has been denied by the reviewing authority and the DOC Administrative Review Authority (ARA) due to the grievance not being submitted in a timely manner, the inmate may make a request to submit a grievance out of time by submission of a Request to Submit a Grievance or Appeal Out of Time.  The request may be submitted to the ARA and must be received within 30 calendar days of the date of denial of the untimely grievance.  Additionally, the inmate must prove by substantial evidence that he/she did not submit the grievance or appeal in a timely manner through absolutely no fault of his/her own.  *See* Exhibit 3, 090124(VII).

## ACTION TAKEN OR RECOMMENDED

No further action is recommended from Davis Correctional Facility.  The incident which occurred was solely a result of Davis' refusal to follow the verbal orders of the security staff.  Only as much force as necessary to gain Davis' compliance was utilized. Inmate Davis was provided access to medical staff, refused care and treatment, and was provided decontamination.  And, Davis failed to exhaust administrative remedies as to his claims brought to this Court.

## OTHER CASES PENDING

None of which the undersigned is aware.

Respectfully submitted,

Johnanna Oglesby, CLA
Special Report Coordinator for
DCF/CCA

STATE OF OKLAHOMA    )
                     ) SS:
COUNTY OF MAYES      )

Before me, the undersigned authority, personally appeared the Affiant herein, who after being duly sworn on oath, deposed and stated as follows:

1.      My name is Johnanna Oglesby.  I am over the age of twenty-one years and am otherwise competent to testify in this matter.

2.      I am a Certified Paralegal.  I am the Special Report Coordinator for Corrections Corporation of America and Davis Correctional Facility.

3.      Pursuant to this Court's Order, and at the request of the Administration of Davis Correctional Facility, Holdenville, Oklahoma, I have prepared the foregoing special report in the case of Davis v. Gloria et. al., in the United States District Court for the Eastern District of Oklahoma, CIV-17-217-RAW-SPS.

4.      The information set forth therein is true, complete, and correct to the best of my knowledge, information and belief.

Further affiant sayeth naught.

_____
JOHNANNA OGLESBY

Subscribed and sworn to before me this 3rd day of November, 2017, by Johnanna Oglesby.

_____
NOTARY PUBLIC

My commission expires: 6/25/17
My commission number: 02010855

## Certificate of Service

☐ I hereby certify that on November 3, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:


☑  I hereby certify that on November 3, 2017, I served the attached document by regular US Mail on the following, who are not registered participants of the ECF System:


Jerard Davis, ODOC 688165
Davis Correctional Facility
6888 E 133rd Rd
Holdenville, OK 74848


DARRELL L. MOORE