IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JERARD DAVIS,** | |
| **Plaintiff,** | |
| vs. | Case No. CIV-17-217-RAW-SPS |
| **RAYMOND GLORIA, et al.,** | |
| **Defendants.** | |

# DEFENDANTS' ANSWER
# TO PLAINTIFF'S COMPLAINT

COME NOW Defendants Crowe, Quiroz and Gloria by and through their attorney of record, Darrell L. Moore, OBA #6332, submitting their Answer in opposition to the Plaintiff's Complaint. Defendants' Answer is provided to the Court in the same numerical sequence and style as presented by the Plaintiff, as follows:

**A. PARTIES**

1. Defendants admit Plaintiff is in the custody of the Oklahoma Department of Corrections. He is currently housed at the Davis Correctional Facility in Holdenville, Oklahoma.

2. Defendants admit that at the time of the complained of incident Defendant Gloria was a shift supervisor at Davis Correctional Facility. Defendants deny the remaining allegations in paragraph no. 2.

3. Defendants admit that at the time of the complained of incident Defendant Crowe was a member of the security staff at Davis Correctional Facility. Defendants deny any and all remaining allegations in paragraph no. 3.

**Complaint Pg. 2**

  4. Defendants admit that at the time of the complained of incident Defendant Hope was a member of the security staff at Davis Correctional Facility.  Defendants deny any and all remaining allegations in paragraph no. 4.

  5. Defendants acknowledge that Plaintiff has named additional Defendants.

**B. JURISDICTION**

  1. Defendants admit jurisdiction is proper.  Any other allegations contained in paragraph numbered B.1., are denied. The District Court should decline to exercise supplemental jurisdiction over any state law based claims that may be raised by Plaintiff.

**C. NATURE OF CASE**

  Defendants deny Plaintiff's Eighth Amendment rights were violated.  Plaintiff's allegations identified as "Nature of the Case" are attached as page 8. Any allegations contained therein are either denied or admitted as set out further herein.

**Complaint Pg. 3**

**D. CAUSE OF ACTION**

  **1(a)(1) Count I:**  Defendants deny Plaintiff's allegations related to use of force and related to being subjected to cruel and unusual punishment.

  **1(b) Supporting Facts:** Plaintiff's allegations are insufficiently pled since he merely says, "See attached."   Defendants deny that any constitutional rights, privileges, or immunities of the Plaintiff were violated. The Defendants deny, both generally and specifically, each and every material allegation that may be determined to be contained in Plaintiff's "See attached."

**Complaint Pg. 4**

**E. PREVIOUS LAWSUITS AND ADMINISTRATIVE RELIEF**

    1.  Defendants do not have sufficient knowledge or information to allow the formation of an opinion or belief as to the truth of the matters asserted whether the Plaintiff has filed previous lawsuits and therefore serve a denial of the same.

    2.  Defendants deny that Plaintiff has exhausted administrative remedies before bringing this matter forward to the District Court.

**Complaint Pg. 5**

    3.  Defendants deny that Plaintiff has exhausted administrative remedies before bringing this matter forward to the District Court.

**F. PREVIOUSLY DISMISSED ACTIONS OR APPEALS.**

    1 a.-e.  Plaintiff does not appear to make any allegations. The Defendants deny, both generally and specifically, each and every material allegation that may be determined to be contained in Plaintiff's ¶1 a.-e.

    2.  Defendants deny that Plaintiff is in danger of serious physical injury.

**Complaint Pg. 6**

**G. REQUEST FOR RELIEF:**

    1.     Defendants deny Plaintiff is entitled to any relief of any kind, monetary or otherwise.  Defendants deny Plaintiff's claims that he suffered physical and mental abuse.

**Complaint Pg. 7**

**SECTION (A) "PARTIES" Continued….**

      5.      Defendants admit that at the time of the complained of incident Defendant Quiroz was a member of the security staff at Davis Correctional Facility. Defendants deny any and all remaining allegations in paragraph no. 5.

**Complaint Pg. 8**

**C. NATURE OF CASE Continued…**

Plaintiff's allegations are unnumbered and presented as a page full of handwritten assertions and allegations. Defendants attempt herein to provide specific denials, however insofar that any allegations are perceived to be unaddressed by the Defendants, those are hereby denied.

Defendants admit that on December 29, 2016 Plaintiff was involved in an incident in his assigned cell and he was removed from the cell by security staff. Defendants deny that excessive force was used during the security operation. Defendants deny that 7 cans of OC spray were fully deployed. Plaintiff repeatedly took intentional measures to deflect and prevent the deployed OC spray from entering his assigned cell. Defendants deny Plaintiff's assertion that the full amount of OC spray that was used actually penetrated the Plaintiff's cell. Plaintiff had both his vent and his food port covered to deter against the introduction of OC spray into his cell. Defendants deny that during his removal from the cell Plaintiff was merely "squirming" or "protecting himself." Defendants deny that Plaintiff was subjected to a use of excessive force. Only that minimum force necessary was utilized to gain compliance of the Plaintiff. Defendants deny that they are responsible for Plaintiff's injuries. Plaintiff was given multiple directives to submit to restraints and confrontation avoidance tactics were properly utilized. Plaintiff refused to comply with all directives given him by the security staff.

**Complaint Pg. 9**

**C. NATURE OF CASE Continued…**

Defendants admit that following Plaintiff's decontamination he was placed on the Fox Charlie housing unit on property restriction. Defendants deny that Plaintiff was unable to file a grievance during the time frame allowed by the Grievance Policy. Defendants deny Plaintiff's allegation he was denied medical treatment.

**WHEREFORE,** premises considered, Plaintiff's allegations set forth in his preceding paragraphs have either been respectively denied or admitted. Defendants specifically deny Plaintiff's claims brought forward to the District Court regarding him being subjected to a use of excessive force or having been denied medical care. Defendants deny that Plaintiff is entitled to any relief. And, Plaintiff failed to exhaust administrative remedies before bringing this matter forward to the District Court.

## DEFENDANTS' AFFIRMATIVE DEFENSES

As separate affirmative defenses to the averments contained in the Plaintiff's Complaint, Defendants state as follows:

1. As a separate and alternative affirmative defense, Defendants allege Plaintiff has not stated a basis for an award of compensatory, exemplary, or punitive damages.

2. As a separate and alternative affirmative defense, Defendants allege Plaintiff has failed to state a claim or claims upon which relief could be granted.

3. As a separate and alternative affirmative defense, Defendants allege Plaintiff failed to exhaust administrative remedies as to the claims he has brought forward

to the District Court as required by the Prison Litigation Reform Act and Oklahoma law. *See* 42 U.S.C. § 1997e(a) and 57 O.S. §§ 564, 566(A)(1), 566.3(G)(2), 566.5.

  4. As a separate and alternative affirmative defense, Defendants allege that insofar as Plaintiff may have attempted to assert a claim of negligence, the same is barred in that he did not first comply with the requirements of 57 O.S. §566.4(B)(2). The Oklahoma Legislature has specifically stated that no tort action or civil claim may be filed against any employee, agent, or servant of the state, the Department of Corrections, private correctional company, or any county jail or any city jail alleging acts related to the duties of the employee, agent, or servant, until all of the notice provisions of the Governmental Tort Claims Act [51 O.S. §151 et seq.] have been fully complied with by the claimant.  This requirement shall apply to any claim against an employee of the state, the Department of Corrections, or to any county jail or city jail in either their official or individual capacity, and to any claim against a private correctional contractor and its employees for actions taken pursuant to or in connection with a governmental contract.

  5. As a separate and alternative affirmative defense, Defendants state that if Plaintiff has alleged negligence of Defendants, which is specifically denied, such was not the direct, legal, proximate cause of Plaintiff's alleged injuries and damages.

  6. As a separate and alternative affirmative defense, Defendants assert that the Plaintiff's injuries, if any, were proximately caused by an independent intervening cause (i.e., Plaintiff's own belligerent and combative actions) for which Defendants are not liable.

  7. As a separate and alternative affirmative defense, Defendants allege that at all times material to the Complaint they acted in good faith and in a reasonable manner.

8. As a separate and alternative affirmative defense, Defendants allege that they did not act with deliberate indifference to Plaintiff's health, safety or medical needs.

9. As a separate and alternative affirmative defense, Defendants state that they intend to rely upon other defenses as may become apparent or available during discovery proceedings or which may be raised by separate motion as permitted by the Rules of Civil Procedure.

## **CONCLUSION**

WHEREFORE, Defendants respectfully pray the Court enter its order of judgment in favor of Defendants and against the Plaintiff; that the Court dismiss the Plaintiff's allegations as set forth above; that the Plaintiff take nothing by way of his petition herein; and, that the Defendants be awarded their attorney fees and costs for defense of this action and receive any and all other appropriate relief.

Respectfully submitted,
Defendants Crowe Quiroz and Gloria

By: _/s/ Darrell L. Moore_
DARRELL L. MOORE, OBA 6332
P.O. Box 368
Pryor, OK 74362
(918) 825-0332
(918) 825-7730 fax
Attorney for Defendants

*Certificate of Service*

☐ I hereby certify that on November 3, 2017, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

☑  I hereby certify that on November 3, 2017, I served the attached document by regular US Mail on the following, who are not registered participants of the ECF System:

Jerard Davis, ODOC 688165
Davis Correctional Facility
6888 E 133rd Rd
Holdenville, OK 74848

DARRELL L. MOORE