# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **JERARD D. DAVIS,** | )<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. CIV 17-217-RAW-SPS<br>) |
| **RAYMOND GLORIA, et al.,** | )<br>) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff, a pro se state prisoner who is incarcerated at Oklahoma State Penitentiary in McAlester, Oklahoma, filed this civil rights complaint pursuant to 42 U.S.C. § 1983 (Dkt. 1). He alleges his constitutional rights were violated while incarcerated at Davis Correctional Facility (DCF), a private prisoner in Holdenville, Oklahoma. The defendants are Raymond Gloria, DCF Shift Supervisor; DCF Correctional Officer Crowe; DCF Correctional Officer Hope; and DCF Correctional Officer Quiroz. Defendants have filed a motion for summary judgment (Dkt. 51), and Plaintiff has filed a response to the motion (Dkt. 59).

**Background**

Plaintiff alleges that on December 29, 2016, a five-man extraction team consisting of Defendants Crowe, Hope, and Quiroz, along with two additional unknown men, came to Plaintiff's cell and applied seven cans of Oleoresin Capsicum spray to Plaintiff. Defendant Gloria allegedly sprayed the Oleoresin Capsicum spray into Plaintiff's cell vent and door, and Gloria also punched, kicked, and choked Plaintiff. Two guards applied leg restraints to Plaintiff, and three guards applied wrist restraints. The defendants apparently claimed Plaintiff was resisting, however, Plaintiff contends he was protecting himself from further injury. (Dkt. 1 at 8-10).

Plaintiff's medical report allegedly stated he received two lacerations to his right eye,

one laceration to his left eye, and abrasions and active bleeding to his nose. Plaintiff maintains the defendants' acts were unnecessary and constituted an excessive use of force. *Id*. at 8.

Plaintiff further complains that after he was restrained, viewed by medical, and decontaminated, he was placed on property restriction until January 3, 2017. During that time he allegedly was battered and bruised because he attempted to file a grievance over this incident. He, however, was denied forms for filing a grievance. He further claims he was denied medical treatment for his injuries, as well as treatment for his swollen feet, because all forms were denied. Finally, Plaintiff contends he repeatedly was threatened by unknown DCF guards "for no reason just to make their self feel big." *Id*. at 15.

**Standard of Review**

Summary judgment is appropriate when "there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if the evidence is such that "a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A fact is material if it "might affect the outcome of the suit under the governing law." *Id.* In making this determination, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Id.* at 255. A party opposing a motion for summary judgment, however, may not simply allege there are disputed issues of fact; rather, the party must support its assertions by citing to the record or by showing the moving party cannot produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c). Thus, the inquiry for this Court is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251-52.

**Exhaustion of Administrative Remedies**

Defendants have filed a motion for summary judgment for the limited purpose of resolving whether Plaintiff has exhausted the administrative remedies for his claims. The Prison Litigation Reform Act of 1995 (PLRA) requires prisoners to exhaust available administrative remedies before filing a lawsuit concerning prison conditions under 42 U.S.C. § 1983, including Eighth Amendment claims. "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). Inmates are required to exhaust available administrative remedies, and suits filed before the exhaustion requirement is met must be dismissed. *Booth v. Churner*, 532 U.S. 731, 740-41 (2001); *Yousef v. Reno*, 254 F.3d 1214, 1216 n.1 (10th Cir. 2001). "An inmate who begins the grievance process but does not complete it is barred from pursuing a § 1983 claim under PLRA for failure to exhaust his administrative remedies." *Jernigan v. Stuchell*, 304 F.3d 1030, 1032 (10th Cir. 2002) (citation omitted). In deciding a motion to dismiss based on nonexhaustion, the Court can consider the administrative materials submitted by the parties. *See Steele v. Fed. Bureau of Prisons*, 355 F.3d 1204, 1212 (10th Cir. 2003), *abrogated in part on other grounds*, *Jones v. Bock*, 549 U.S. 199 (2007).

According to the DOC Offender Grievance Process, OP-090124, an inmate first must attempt to resolve his complaint informally by communicating with staff within three days of the incident. If that is unsuccessful, he may submit a Request to Staff (RTS) within seven calendar days of the incident, alleging only one issue per form. If the offender does not receive a response to his RTS within 30 calendar days of submission, he may submit a grievance to the Review Authority (warden's office), asserting only the issue of the lack of

response to the RTS. If the complaint is not resolved after the response to the RTS, the offender may file a grievance. If the grievance also does not resolve the issue, the inmate may appeal to the Administrative Review Authority (ARA) or the Chief Medical Officer. The administrative process is exhausted only after all of these steps have been taken. (Dkt. 51-3).

Defendants allege Plaintiff did not exhaust any issue he has brought before this Court. Plaintiff contends his efforts to access the grievance process were thwarted, thus depriving him of "available" remedies and extinguishing the requirement that he must exhaust all available remedies. "The plain language of the PLRA requires that prisoners exhaust only *available* remedies. . . . It follows that if an administrative remedy is not available, then an inmate cannot be required to exhaust it." *Tuckel v. Grover*, 660 F.3d 1249, 1252 (10th Cir. 2011) (emphasis in original). "Where prison officials prevent, thwart, or hinder a prisoner's efforts to avail himself of an administrative remedy, they render that remedy 'unavailable' and a court will excuse the prisoner's failure to exhaust." *Little v. Jones*, 607 F.3d 1245, 1250 (10th Cir. 2010) (citation omitted). Defendants maintain that Plaintiff's allegation that he was unable to exhaust his administrative remedies is not accurate.

As set forth above, OP-090124(IV)(C)(3) states that an RTS must be filed within seven days of an incident. (Dkt. 51-3 at 7). Plaintiff alleges he was on property restriction between December 29, 2016, which was the day of the incident, and January 3, 2017. During that time, he allegedly was denied the appropriate forms. Defendants assert that even if Plaintiff's claim is true, he nonetheless had two more days until January 5, 2017, to have filed an RTS.

Terry Underwood, the DCF Grievance Coordinator, states by affidavit that a search of the administrative records showed Plaintiff did not file any grievances related to the

4

December 29, 2016, incident. (Dkt. 51-2 at 3). All the appropriate administrative remedies forms were available to Plaintiff on his housing unit during the December 29-January 3 period. *Id.* at 4. Ms. Underwood also reviewed the facility's grievance records for that period and states grievances from other inmates on Plaintiff's housing unit were filed and logged during December 2016 and January 2017. *Id.*

The DOC policy provides relief for inmates who were unable to file a grievance through no fault of their own. *Id.* If Plaintiff had submitted a grievance that was denied by the reviewing authority and the ARA as untimely, OP-090124(XII) would have allowed him to submit a "Request to Submit a Misconduct/Grievance Appeal Out of Time" (DOC 060125T). (Dkt. 51-3 at 20). Defendants assert such requests may be submitted to the ARA and must be received within 30 calendar days of the date the untimely grievance was denied.[1] *Id.*

Plaintiff alleges his efforts to access the grievance process were impeded, thereby depriving him of "available" remedies. He alleges in the complaint that while he was on property restriction between December 29, 2016, and January 3, 2017, he was denied the appropriate forms. Even accepting these allegations as true, Plaintiff still had two days after his property restriction ended during which he could have filed an RTS. Further, as discussed above, Terry Underwood states that all the appropriate administrative remedies were available to Plaintiff during the time of property restriction, and other inmates housed in Plaintiff' unit during December 2016 and January 2017 filed grievances. More important, Plaintiff did not attempt to file a grievance out of time, based on his inability to file a timely grievance through no fault of his own. Plaintiff offers no explanation for is failure to pursue

---

[1] The submitted copy of the applicable policy states the grievances must be received within 15 days. *See* OP-190124(XII)(B) (Dkt. 51-3 at 20).

his remedies after January 3, 2017.

Plaintiff contends in his response to the motion for summary judgment that DCF "is initiating a cover-up for the defendant(s) due to past incidents." (Dkt. 59 at 1). He further argues that "[e]verything that's submitted or grieved upon doesn't always get logged nor [sic] filed." *Id.* He has submitted copies of two RTSs concerning his damaged property from April and May of 2018. *Id*. at 11-12. The ARA responses stated his grievance or correspondence was improperly filed, because there were no grievance responses. *Id*. at 14. Plaintiff apparently has submitted these documents to show his documents were not properly logged or filed. The documents, however, are irrelevant to the issue of whether Plaintiff pursued his administrative remedies, because Plaintiff claims he filed no documents in an attempt to exhaust the remedies for his claims in this action.

Plaintiff further argues that because DOC policy does not allow inmates to request monetary compensation from staff members, he could not exhaust his remedies. The PLRA, however, requires administrative exhaustion even where the grievance process does not permit an award of money damages, as long as the grievance tribunal has the authority to take some responsive action to the inmates' complaint. *Booth v. Churner*, 532 U.S. 731 (2001).

After careful consideration of the pleadings and other submitted materials in this case, the Court is of the view that there are no genuine issues of material fact with respect to whether Plaintiff's claims are unexhausted and whether he had the ability to commence his administrative remedies. Therefore, summary judgment is GRANTED.

**ACCORDINGLY,** Defendants' motion for summary judgment (Dkt. 51) is GRANTED, and this action is DISMISSED for failure to exhaust administrative remedies pursuant to 42 U.S.C. § 1997e(a). All remaining pending motions are DENIED AS MOOT.

**IT IS SO ORDERED** this 17th day of September 2019.

*Ronald A. White*
Ronald A. White
United States District Judge
Eastern District of Oklahoma